**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

GEORGE PEARSON, JR.,

    Petitioner,

vs.                                                  Case No. 8:06-CV-1153-T-30MSS
                                                                     8:03-CR-343-T-30MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

Petitioner has filed a Notice of Appeal of the November 8, 2006 decision denying his motion for relief under 28 U.S.C. § 2255 (CV Dkt. 27), a Notice of Consolidated Appeal of the November 17, 2006 order striking his request for Class Certification of Action and Judicial Notice of Cause and Pleadings and the November 29, 2006 order denying his request to amend the selective prosecution claim presented in his § 2255 motion (Dkt. 29), and a Motion for Leave to Proceed *In Forma Pauperis* on appeal (CV Dkt. 30).  The Court construes the Notice of Appeal as an application for a certificate of appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (CV Dkt. 28).

---

[1] "Certificate of Appealability. (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals."  Rule 22, Fed. R. App. P.

[2] "[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c).

While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of the Petitioner's constitutional claims debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Petitioner has failed to make this threshold showing.  *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that:

1. Petitioner's Notice of Appeal, which is construed as an application for issuance of a certificate of appealability (CV Dkt. 28), is **DENIED**.

2. The Motion for Leave to Proceed *In Forma Pauperis* on appeal (CV Dkt. 30) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on January 4, 2007.

*[signature]*

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copy furnished to</u>:
All Parties/Counsel of Record
SA/jsh